# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK | )<br>)<br>) |
|     Plaintiff/ Counter-Defendant, | )<br>) |
| v. | ) CIVIL ACTION NO. 10-332-CG-M<br>) |
| HARLESS DEVELOPMENT COMPANY<br>INC., DOUGLAS J. HARLESS and<br>PAULA H. HARLESS, | )<br>)<br>)<br>) |
|     Defendants/ Counter-Plaintiffs. | )<br>) |

## ORDER

This matter is before the court on Vision Bank's trial brief and motion for judgment on the pleadings (Doc. 72) and defendants' trial brief and response (Doc. 76). For reasons that will be explained below, the court finds that the Statute of Frauds bars the remaining counter-claims in this case. Accordingly, Vision Bank's motion for judgment on the pleadings is due to be granted.

The court previously granted summary judgment in favor of Vision Bank, finding that defendants had breached the promissory notes and guarantees, that the foreclosure on the Ono Island property should not be set aside, that defendants should be ejected from the Ono Island property and that defendants had waived their rights of redemption. (Doc. 68). Defendants acknowledge that the court's ruling on summary judgment effectively disposed of defendants' counterclaims for breach of constructive trust, accounting, negligence and wrongful foreclosure. (Doc. 72, pp. 1-2). However,

the parties dispute whether defendants' counterclaims for fraud and for breach of contract survive the court's ruling. The parties further dispute whether judgment on the pleadings should be entered as to defendants' fraud and breach of contract counterclaims.

Vision Bank argues that defendants' remaining claims are subsumed in the court's ruling on its motion for summary judgment. In the summary judgment motion, this court rejected defendants' attempt to establish their compliance with the terms of the notes by asserting that Vision Bank had agreed to lend them additional money. The court found that defendants were in default and that Vision Bank's alleged promises "were not relevant to a determination regarding the parties' obligations under the Promissory Notes." (Doc. 68, p. 12). Defendants had failed to demonstrate how "these reported negotiations and/or agreements affect[ed] the loan or guarantee contracts." (Doc. 68, p. 11). Vision Bank asserts that the alleged promises were offered to avoid liability under the notes and, since default has now been conclusively established, defendants cannot now use this contention as the basis for a separate fraud or breach of contract claim. However, the court does not follow Vision Banks' logic. Defendants contend that Vision Bank's promises are separate and distinct from the promissory notes. Defendants' fraud and breach of contract counterclaims are based on Vision Bank's promises or agreement to lend additional money for construction of houses in the subdivision in question if defendants would

2

amend the minimum square footage requirement for the houses. As this court previously held: "[n]othing in the Notes or Guarantees required Vision Bank to provide construction loans or to work with defendants on any future financing." Thus, Vision Bank's alleged agreement to provide future financing is a separate, new agreement. The viability of claims based on these alleged promises or agreement were not determined by the court's previous order.

Vision Bank asserts that if the claims were not subsumed by this court's previous order that they should still be dismissed because they are barred by the Statute of Frauds. The Statute of Frauds provides that certain agreements are void unless evidenced by a written note or memorandum. ALA CODE § 8-9-2. One of the types of agreements which must be in writing under the Statute of Frauds is:

> Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000;

ALA CODE § 8-9-2(7). Accordingly, Vision Bank concludes that defendants' claim for breach of contract must fail because the alleged agreement was to lend money and was not in writing. As such, defendants' fraud claim would also be barred because defendants cannot recover the benefit of a bargain already barred by the statute of frauds by alleging the promise or contract as a basis for a tort claim. Holman v. Childersburg Bancorporation., Inc., 852 So.2d 691, 699 (Ala. 2002). ("As a general rule, [i]f the proof of a promise or contract, void under the statute of frauds, is essential to

3

maintain the action, there may be no recovery. … This is so, because, [i]f a plaintiff was allowed to recover the benefit of a bargain already barred by the statute of frauds, the statute of frauds would become meaningless." (internal citations and quotations omitted)).

Defendants argue that their breach of contract claim is not barred by the Statute of Frauds because fraud existed from the inception of the agreement. In support of their contention, defendants cite <u>Davis v. Barnfield</u>, 833 So.2d 58 (Ala. Civ. App. 2002), which found that "[t]here are two circumstances where an oral contract for real property will be enforced: where a party partially performed and took possession of the property, or where fraud existed from the inception of the agreement." <u>Id.</u> at 61-62 (citing <u>Darby v. Johnson</u>, 477 So.2d 322, 326-27 (Ala. 1985)). However, the fraud-in-the-inception exception was overruled in <u>Bruce v. Cole</u>, 854 So.2d 47 (Ala. 2003). The court in <u>Bruce</u> overruled a line of precedent and held that "an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud." <u>Id</u> at 58. <u>Bruce</u> has been interpreted to stand for the "proposition that a party may not avoid the effect of the Statute of Frauds by framing the claim as one alleging promissory fraud or by invoking the historical fraud-in-the-inception exception to the Statute of Frauds." <u>DeFriece v. McCorquodale</u>, 998 So.2d 465, 471 (Ala. 2008). Accordingly, the court finds that defendants' assertion that there was fraud in the inception will not save defendants' claim from the application of the

4

Statute of Frauds. Defendants' counterclaims for breach of contract and fraud are barred by the Statute of Frauds.

## CONCLUSION

For the reasons stated above, Vision Bank's motion for judgment on the pleadings (Doc. 72) is **GRANTED,** and all of defendants' counterclaims are hereby **DISMISSED**.

**DONE and ORDERED** this 25th day of August, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE